*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
:
RONALD FULTON,                      :     Civil Action No. 09-cv-1483
:
          Plaintiff,                :
:                   **OPINION**
     vs.                            :
:
:
L-3 COMMUNICATIONS CORP., et al.,   :
:
          Defendants.               :
_____

**WOLFSON, United States District Judge:**

      This matter comes before this Court upon a Complaint brought by Plaintiff Ronald Fulton ("Plaintiff") against Defendants L-3 Communications Corp., Ron Minter, Louis Linden, and Preston Campbell (collectively, "Defendants") for discriminatory acts in violation of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and state law claims of wrongful termination, discriminatory practice, breach of contract, breach of implied covenants of good faith and fair dealing, fraud, and breach of wage and hour laws. Defendants move to dismiss Plaintiff's claims under the doctrine of res judicata. In that regard, Defendants argue that Plaintiff should be barred from bringing his claims here because Plaintiff filed a similar complaint in the Superior Court of New Jersey, alleging substantially the same state law claims against the Defendants; the only new claims in this Complaint are Plaintiff's ADEA and ADA claims. Without assessing the merits of the case, this Court finds that it lacks subject

matter jurisdiction to adjudicate the case, and therefore, Defendants' Motion to Dismiss is granted.

**I.      Overview**

Because this Court does not reach its decision based on the merits of this case, for the purpose of this opinion, this Court hereby assumes as true the allegations pled by Plaintiff in his Complaint.

On December 21, 2007, Plaintiff filed a civil action in the Superior Court of New Jersey against Defendants for breach of contract, wrongful termination, breach of implied covenant of good faith and fair dealing, fraud, violation of New Jersey Wage and Hour Act, as well as unlawful age discrimination and subsequent retaliation. In the state action ("State Action") Defendants filed a Motion to Dismiss for failure to state a claim, arguing that even if all facts alleged by Plaintiff were true, Plaintiff had not alleged any cause of action under New Jersey law. On March 31, 2008, the Superior Court granted Defendants' Motion to Dismiss on the merits, and dismissed the Plaintiff's Complaint in its entirety. In particular to the age discrimination claim, the Superior Court stated:

> In the introductory paragraph of his Complaint, plaintiff claims "[t]here is also evidence that plaintiff was wrongfully discharged because of age discrimination." In the "statement of facts" section, however, plaintiff makes no further mention of any alleged "evidence" of age discrimination. The only allegation that might have some loose connection to his claim of age discrimination is that his superior "on numerous occasions verbally reinforced to the plaintiff, Fulton, how 'expensive' the plaintiff was and 'suggested' perhaps he should start looking for a new job." Even under the most liberal of pleading standards, this allegation, without more, does not establish that plaintiff's termination was motivated by discriminatory animus. Fulton v. L-3 Communication Systems-West, No. L3177-07, slip op. at 6 (N.J. Super. Ct. Law Div. Mercer County March 31, 2009).

Furthermore, in addition to failure to state a claim, the Superior Court found that Plaintiff's claim must also be dismissed for failure to exhaust administrative remedies as required by New Jersey

Laws Against Discrimination and the ADEA. Id. at 6-7. Plaintiff did not appeal the Superior Court's decision.

In November 2008, more than seven months after the Superior Court judgment, Plaintiff filed a Charge of Discrimination with the New Jersey Equal Employment Opportunity Office ("EEOC").[1] On January 12, 2009, the EEOC dismissed Plaintiff's Charge of Discrimination because it was "unable to conclude that the information obtained establishes violation of the statutes." The EEOC also advised Plaintiff of his right to sue under the ADEA. Plaintiff then filed the instant action on March 31, 2009, alleging the same claims as in the State Action as well as new claims under the ADEA and ADA.

## II.    Discussion

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When analyzing a motion to dismiss, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted) (reasoning this statement of Rule 12(b)(6) standard remains suitable following the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds'

---

[1] Neither party has shed any light on the basis of Plaintiff's charge with the EEOC. It appears that it was based on substantially the same age discrimination allegations made in the State Action.

of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Twombly at 555 (internal citations omitted). When deciding a motion to dismiss, a court may consider the pleadings and attached exhibits "which [are] a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); Dowdell v. Univ. of Med. & Dentistry, 94 F. Supp. 2d 527, 529 (D.N.J. 2000) (citations omitted).

### B. Preclusion

Res judicata is an affirmative defense. Such a defense is grounds for a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). "Res judicata encompasses two preclusion concepts - issue preclusion, which forecloses litigation of a litigated and decided matter (often referred to as direct or collateral estoppel), and claim preclusion, which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit." Bierley v. Dombrowski, 309 Fed. Appx. 594, 596-97 (3d Cir. 2009).

Collateral estoppel prevents parties or their privies from re-litigating an issue if a court possessing personal and subject matter jurisdiction has already delivered a valid, final judgment on the merits. Witkowski v. Welch, 173 F.3d 192, 198-199 (3d Cir. 1999). The doctrine applies if four requirements are met: "1) the issue sought to be precluded [is] the same as that involved in the prior action; 2) that issue [was] actually litigated; 3) it [was] determined by a final and valid judgment; and 4) the determination [was] essential to the prior judgment." In re G-I Holdings Inc., No. 02-3082, 2003 WL 22273256, at *2 (D.N.J. Aug. 8, 2003) (citations omitted). The purpose of the collateral estoppel doctrine is to promote judicial consistency, encourage reliance on court decisions, and protect defendants from being forced to repeatedly relitigate the same issues in

multiple lawsuits.  Allen v. McCurry, 449 U.S. 90, 94 (1980).

Res judicata, or claim preclusion, is a broader doctrine than collateral estoppel.  It applies not only to claims brought in a previous lawsuit, but also to claims which could have been brought in that suit.  The doctrine attaches if there has been (1) a final judgment on the merits in a previous lawsuit involving (2) the same parties or their privies and (3) a subsequent action based on the same cause of action.  Mullarkey v. Tamboer, 536 F.3d 215, 225 (3d Cir. 2008) (citations omitted).  Under New Jersey law, "[a] dismissal with prejudice 'constitutes an adjudication on the merits as fully and completely as if the order had been entered after a trial.'"  Feinsod v. Noon, 261 N.J. Super. 82, 84 (App. Div. 1992) (citations omitted).  If a res judicata "bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)."  Rycoline Prods. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).

The entire controversy doctrine is New Jersey's own, distinctive application of res judicata principles.  It "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy."  Kozyra v. Allen, 973 F.2d 1110, 1111 (3d Cir. 1992) (citations omitted).  The doctrine is meant to encourage a final, comprehensive adjudication of a legal controversy, provide fairness to all involved parties (including prospective parties), and preserve judicial resources by avoiding fragmented litigation.  Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 322 (1995).  "It is the factual circumstances giving rise to the controversy itself, rather than a commonality of claims, issues or parties, that triggers the requirement of joinder to create a cohesive and complete litigation."  Id. at 323.  "While the wellspring of res judicata or collateral

estoppel is the notion of finality of a court's adjudication, the entire controversy doctrine is designed to prevent the fragmentation of litigation and applies even when the first case adjudicates an issue different from the second." Fioriglio v. City of Atlantic City, 963 F. Supp. 415, 420 (D.N.J. 1997). New Jersey courts apply the entire controversy doctrine as a bar to a subsequent suit when there is some duplication of proof involved. "For instance . . . forcing the two claims to be brought at the same time 'would have resulted in a more comprehensive determination of the underlying legal controversy.'" Fields v. Thompson Printing Co., 363 F.3d 259, 266 (3d Cir. 2004) (quoting Mystic Isle, 142 N.J. at 327).

There are, however, exceptions to the doctrine's application. "The doctrine does not apply to bar component claims that are unknown, unarisen, or unaccrued at the time of the original action." Mystic Isle, 142 N.J. at 323. The Third Circuit has also held that "the entire controversy doctrine does not preclude the initiation of a second action before the first action has been concluded." Rycoline, 109 F.3d at 890. The entire controversy doctrine is codified in New Jersey Court Rule 4:30A.

The Full Faith and Credit Act, 28 U.S.C. §1738, obliges federal courts to apply New Jersey's entire controversy doctrine when hearing federal causes of action. Rycoline, 109 F.3d at 887; Dowdell, 94 F.Supp.2d at 535. Under §1738, "a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." Peduto v. North Wildwood, 878 F.2d 725, 728 (3d Cir. 1989) (citations omitted). Unless a federal statute expressly states otherwise, nothing directs the federal courts to ignore the traditional doctrines of preclusion when the federal issues could have been raised but were not raised in an earlier state-court proceeding. Migra v. Warren City School Dist. Board of Educ., 465 U.S. 75, 83-84 (1984);

Swineford v. Snyder County, 15 F.3d 1258, 1266 (3d Cir. 1994).

### C. Plaintiff's Claims

Applying the foregoing law, the Court finds that Plaintiff's claims must be dismissed. With regards to Plaintiff's state law claims, the Court holds that they are barred by the doctrine of res judicata. Plaintiff is raising essentially the same causes of action in the instant case and against the same defendants as he did in the previous State Action. A valid judgment on the merits was rendered by the Superior Court of New Jersey on those claims, Fulton, at 5, and that judgment became final when Plaintiff failed to exercise his right to appeal. As such, pursuant to 28 U.S.C. § 1738, the Court must give preclusive effect to the State Action and dismiss Plaintiff's state law claims in the instant case.

With regards to Plaintiff's ADEA claim, the Court finds that Plaintiff is barred from asserting that claim by the entire controversy doctrine under New Jersey law. While Plaintiff did not raise the federal ADEA claim in the State Action, there can be no dispute that Plaintiff's ADEA claim arises out of the same factual circumstances that gave rise to the whole controversy, which was already adjudicated in the State Action. In fact, his ADEA claim mirrors his NJLAD age discrimination claim. Plaintiff does not claim that the state court would not have adjudicated his federal claim had he presented it in the State Action. Certainly, the ADEA does not override state preclusion law and guarantee Plaintiff a right to proceed to judgment in state court on his state claims and then turn to federal court for adjudication of his federal claim that was known at the time he brought his state claims. Indeed, "[a] party cannot escape the requirements of full faith and credit and res judicata by asserting its own failure to raise matters clearly within the scope of a prior proceeding." Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health

Ins. Guar. Ass'n., 455 U.S. 691, 710 (1982).  Therefore, pursuant to §1738, the Court dismisses Plaintiff's ADEA claim under the Entire controversy doctrine.

With respect to Plaintiff's ADA claim, nowhere in his Complaint does Plaintiff allege that he suffered any other form of discrimination besides age discrimination, which is covered by the ADEA, not the ADA.  Indeed, in order to establish a prima facie case of discrimination under the ADA, a plaintiff must show "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Gaul v. Lucent Technologies, 134 F.3d 576, 580 (3d Cir. 1998)(citations omitted); Williams v. Philadelphia Housing Auth. Police Dep't, 380 F.3d 751, 761 (3d Cir. 2004).  Here, Plaintiff does not allege any of the elements in his Complaint.  In fact, Plaintiff does not even allege he has a disability, nor does he allege that Defendants discriminated against him based upon a disability.  Accordingly, Plaintiff's ADA claim is dismissed for failure to state a claim.

### III. Conclusion

For the foregoing reasons, this Court finds that the Plaintiff is barred from relitigating his prior state law claims, and is precluded from asserting his ADEA claim because he failed to raise it in the prior state action. Moreover, Plaintiff's ADA claim is dismissed.

/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge

Date: October 14, 2009